IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARYL SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 05 C 529 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM OPINION AND ORDER

In 2001, a federal jury returned a five-count indictment against Daryl Smith and his co-defendant, William Patterson. After a jury trial, Mr. Smith was convicted on one count, of theft of approximately $20,000 belonging to the United States, in violation of 18 U.S.C. § 641. Mr. Smith was acquitted on the other counts of the indictment. On August 9, 2002, I sentenced Mr. Smith to 120 months incarceration. Mr. Smith moved for a new trial, which I denied. *United States v. Patterson*, 213 F. Supp. 2d 900 (N.D. Ill. 2002). Mr. Smith also appealed to the Seventh Circuit, which affirmed his conviction, see *United States v. Patterson*, 348 F.3d 218 (7th Cir. 2003).

Mr. Smith moves to vacate, set aside, or amend his sentence, pursuant to 28 U.S.C. § 2255. Mr. Smith argues that his sentence was unconstitutional, pursuant to *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005). Mr. Smith also argues that his counsel

provided him with constitutionally insufficient assistance in eight ways: (1) failure to move for Eleventh Amendment immunity; (2) failure to move for dismissal pursuant to Fed. R. Crim. P. 8(b); (3) failure to challenge the sufficiency of the indictment; (4) failure to successfully move for severance of Mr. Smith's trial from that of Mr. Patterson; (5) failure of his second counsel to investigate and challenge the prior four failings; (6) failure to challenge a *Brady* violation by the government; (7) failure to challenge a *Bruton* violation at trial; and (8) failure to renew the motion for severance (based on a conflict of interest) and failure to preserve issues for appeal.

Mr. Smith argues that his sentence violates his rights as stated in *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005). The Seventh Circuit has held, however, that *Booker* is not applicable on collateral review of any judgment that became final before the release of that decision on January 12, 2005. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Mr. Smith's judgment became final before that date, as the Seventh Circuit affirmed his conviction in October 2003 and Mr. Smith did not appeal that decision.

To show that he received constitutionally deficient assistance from his counsel, Mr. Smith must show both that his counsel's performance was deficient, and that those deficiencies prejudiced Mr. Smith's defense. *Griffin v. Camp*, 40 F.3d 170, 173 (7th Cir.

1994). A strong presumption of effective assistance attaches to counsel's performance. *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). Mr. Smith must establish both the deficiencies and their effect on his trial or his claim must fail. *Eddmonds v. Peters*, 93 F.3d 1307, 1313 (7th Cir. 1996). Establishing ineffective assistance of counsel is a difficult task for a § 2255 petitioner, and few petitioners will be successful. *Griffin*, 40 F.3d at 173.

Mr. Smith first argues that as a "natural person" born in the state of Illinois, he was immune from prosecution by the United States, pursuant to the Eleventh Amendment. The Eleventh Amendment confers immunity from suit upon the States, not upon the individual residents of the States. U.S. Const., Amend. 11.

Mr. Smith's second argument is that counsel should have moved for dismissal for misjoinder, as no conspiracy was proven at trial. Fed. R. Crim. P. 8(b). Joinder was initially proper in this case, as conspiracy between Mr. Smith and Mr. Patterson was alleged. *United States v. Garner*, 837 F.2d 1404, 1412 (7th Cir. 1987). Therefore, Mr. Smith can only show misjoinder by demonstrating that the conspiracy charge was brought in bad faith. *Id.* Mr. Smith bears the burden of demonstrating bad faith. *Id.* Mr. Smith points to three arguments for bad faith: (1) insufficient evidence of a conspiracy; (2) no probable cause for his arrest; and (3) perjured testimony before the grand jury. All three arguments fail. Mr.

Smith was acquitted on the conspiracy count of the indictment, but the evidence at trial was sufficient as to Mr. Smith's involvement that a reasonable jury could have convicted him. *Patterson*, 213 F. Supp. 2d at 910-11. Mr. Smith's second and third arguments are undeveloped, as well as unsupported by either evidence or authority.[1] Those arguments are therefore waived. *United States v. Wimberly*, 60 F.3d 281, 287 (7th Cir. 1995).

Mr. Smith's third argument is that the indictment was not properly returned by the grand jury. Mr. Smith appears to be arguing that his counsel should have moved for a record of the grand jurors, then moved to dismiss if that record was improper. Records of grand jurors are only disclosed upon a strong showing of particularized need. *Hernley v. United States*, 832 F.2d 980, 985 (7th Cir. 1987). Mr. Smith makes no such showing, other than his suggestion that the indictment was improperly returned.

Mr. Smith's fourth argument is that counsel should have moved for a severance of Mr. Smith's trial from that of Mr. Patterson. Mr. Smith has a number of arguments for why severance should have been granted. First, Mr. Smith argues that statements made by Mr. Patterson, and introduced at trial, unfairly prejudiced his defense. Mr. Smith challenges Mr. Patterson's statements on two grounds: first, that they presented a *Bruton* issue; and second,

---

[1] Mr. Smith does cite one case, *United States v. Shorter*, 600 F.2d 585 (6th Cir. 1979). *Shorter* discussed search warrants, not indictments, and does not support Mr. Smith's argument.

that the government's proffer establishing a conspiracy, and therefore permitting introduction of the statements, was insufficient. Mr. Smith's *Bruton* challenge fails for the reasons detailed in response to his seventh argument, below. Mr. Smith's challenge to the government's proffer also fails. On review of both the proffer and the evidence presented at trial, I held that sufficient evidence of a conspiracy existed. *United States v. Patterson*, 171 F. Supp. 2d 804 (N.D. Ill. 2001); *Patterson*, 213 F. Supp. 2d at 910-11.

Mr. Smith also argues that records of telephone calls between telephones registered to Mr. Smith and Mr. Patterson should not have been admitted, as the government did not authenticate the calls pursuant to Fed. R. Evid. 901. However, the authentication referred to in that Rule applies to telephone conversations, not the records of the calls themselves. Fed. R. Evid. 901(b)(6). Records that reflect calls between telephones registered to alleged members of a conspiracy permit the inference of the conspiracy, *United States v. Adeniji*, 221 F.3d 1020, 1030 (7th Cir. 2000), and were properly admitted.

Next, Mr. Smith argues that severance should have been granted because of testimony about an uncharged crime that took place on January 19, 2001. Mr. Smith argues that the testimony should have been barred by Fed. R. Evid. 404(b). I addressed this issue in my denial of Mr. Smith's motion for severance, holding that the

5

testimony fell within the "intricately related" doctrine and was therefore outside the scope of Rule 404(b). *Patterson*, 171 F. Supp. 2d at 810. Nothing presented at trial or in Mr. Smith's petition changes that decision. Finally, Mr. Smith argues that severance should have been granted because he wished to call Mr. Patterson as an exculpatory witness, and required a separate trial to do so. Mr. Patterson testified at the joint trial, and was cross-examined by Mr. Smith's counsel.

Mr. Smith's fifth argument has two parts: first, that trial counsel should have investigated and challenged the ineffective assistance of his first counsel (detailed in Mr. Smith's first through fourth arguments), and second, that trial counsel should have objected to statements by the prosecution in opening and closing statements. The first part fails, as Mr. Smith's first four arguments fail and therefore failure to raise them cannot constitute ineffective assistance of counsel. The second part also fails. The statements Mr. Smith objects to relate to Mr. Smith's participation in the charged conspiracy, as well as to the participation of the confidential witness and to other criminal behavior by Mr. Smith. Mr. Smith appears to be arguing, again, that there was insufficient evidence to support the charge of conspiracy. While the jury did acquit Mr. Smith of that charge, I have already held that sufficient evidence was presented that the

jury *could* have convicted - certainly enough evidence to support the statements made by the prosecution.

Mr. Smith's sixth argument is that the government committed a *Brady* violation by the destruction of a black garbage bag. *Brady v. Maryland*, 373 U.S. 83 (1963). Mr. Smith contends that the garbage bag covered a red gym bag (containing cocaine) that was discovered in the back of the confidential witness' truck. After stealing the gym bag and cocaine from an apartment, Mr. Patterson placed the gym bag inside the garbage bag. Mr. Smith placed the garbage bag in the truck, but claims he did not know what was in the bag. Mr. Smith argues that the government intentionally destroyed the garbage bag. At trial, the issue of the missing garbage bag was raised through cross-examination of FBI Special Agent Mark Burbridge. Mr. Smith has not shown how a black garbage bag would have exculpatory value. *See California v. Trombetta*, 467 U.S. 479, 489 (1984)(stating exculpatory value of evidence must have been apparent prior to destruction and defendant must not be able to obtain comparable evidence). The destruction or loss of the garbage bag was apparently inadvertant; the existence of the garbage bag was testified to at trial; the FBI agent was cross-examined about the whereabouts of the garbage bag. No *Brady* violation occurred.

Mr. Smith's seventh argument is that the introduction of statements by Mr. Patterson violated his right to a fair trial.

*Bruton v. United States*, 391 U.S. 123 (1968). However, the Confrontation Clause issues raised in *Bruton* do not occur when the co-defendant whose statement is being introduced is available for cross-examination. *United States v. Clark*, 989 F.2d 1490, 1498 (7th Cir. 1993). Here, Mr. Patterson was fully available for cross-examination, and neither the introduction of his statement nor his testimony at trial raises a *Bruton* issue. Further, no *Bruton* issue arises when the statements to be introduced are those of a co-conspirator, *United States v. Singleton*, 125 F.3d 1097, 1107 (7th Cir. 1997), and there was ample evidence of a conspiracy here to allow the statements as those of a co-conspirator.

Mr. Smith's eighth and final argument is that his trial counsel had a conflict of interest. This "conflict" appears to be that Mr. Smith's counsel thought Mr. Patterson would testify one way, but at trial Mr. Patterson actually testified to the opposite. Counsel's lack of prior knowledge of a co-defendant's testimony, when that co-defendant is represented by separate counsel, does not constitute a conflict of interest. *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980)(requiring actual conflict of interest).

As Mr. Smith has not presented a meritorious claim to support his § 2255 motion, that motion is denied.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: July 21, 2005